UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TYRONE SHANNON, | No. 2:18-cv-0161-EFB P |
| Plaintiff, | |
| v. | ORDER |
| DR. IKEGBU, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought pursuant to 42 U.S.C. § 1983. After dismissal of his complaint pursuant to 28 U.S.C. § 1915A, he has filed an amended complaint (ECF No. 18), which the court must now screen.

Congress mandates that district courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

According to the amended complaint, plaintiff suffers from numerous eye complications caused by third degree burns to his face. The California Medical Facility, where plaintiff is housed, does not have the resources to perform necessary surgery. Plaintiff filed an inmate appeal inquiring about when he would be taken to the oculoplastics department at the University

1

of California, San Francisco (UCSF). Dr. Ikegbu responded, noting that plaintiff had a pending appointment, and that "she would monitor the situation to ensure" that plaintiff was seen. More than six months have passed, and plaintiff has still not been taken to UCSF. Plaintiff experiences blurred vision, pain, drainage, blindness, and the risk of rupture while he waits. Ikegbu allegedly said to plaintiff "whether you get there (to UCSF) sooner or later is up to me! And you won't be going at the present time because I don't like you appealing me!" These allegations are sufficient to state a cognizable First Amendment retaliation claim and an Eighth Amendment deliberate indifference to medical needs claim against Ikegbu.

However, plaintiff's attempt to assert a Fourteenth Amendment equal protection claim against Ikegbu fails for the reasons stated in the first screening order. *See* ECF No. 7. Once again, plaintiff does not allege that the defendant acted with an intent or purpose to discriminate against plaintiff because of his membership in a protected class. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005).

Plaintiff also attempts to impose liability against defendant Gates, Chief of Appeals, who at the third level of review, affirmed Dr. Ikegbu's decision. There is no suggestion, however, that Gates knew that Ikegbu might have been intentionally delaying plaintiff's appointment at UCSF. Gates's mere deference to Ikegbu's medical judgment/handling of plaintiff's appeal does not amount to deliberate indifference to plaintiff's medical needs. Deliberate indifference requires a showing that the defendant, acting with a state of mind more blameworthy than negligence, denied, delayed, or interfered with the treatment of plaintiff's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

<u>Leave to Amend</u>

Plaintiff may elect to proceed only with the First Amendment retaliation claim and Eighth Amendment deliberate indifference claim against defendant Ikegbu. Or, he may file a second amended complaint which remedies the above-mentioned deficiencies. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.*

*Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint alleges, for screening purposes, viable First Amendment retaliation and Eighth Amendment deliberate indifference claims against defendant Ikegbu.
2. All other claims are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend the complaint.
3. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.
4. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: February 11, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TYRONE SHANNON,<br><br>Plaintiff,<br><br>v.<br><br>DR. IKEGBU, et al.,<br><br>Defendants.. | No. 2:18-cv-0161-EFB P<br><br><br><u>NOTICE</u> |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with the First Amendment retaliation and Eighth Amendment deliberate indifference claims identified against defendant Ikegbu;

OR

(2) _____ delay serving any defendant and files an amended complaint.

_____
Plaintiff

Dated: